```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

RICHARD B. KELLY,
                              Petitioner,

           v.                         CASE NO. 05-3292-SAC

STATE OF KANSAS, et al.,

                              Respondents.

**O R D E R**

      This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed pro se and in forma pauperis by an inmate of the Kansas Department of Corrections currently confined at the Tamms Correctional Center, Tamms, Illinois. Petitioner seeks to challenge his 1996 convictions after trial by jury, of aggravated battery of one correctional officer and simple battery of another, and sentencing of 45 years to life in the District Court of Butler County, Kansas. State v. Kelly, Case No. 94 CR 224. Petitioner's convictions were affirmed on direct appeal by the Kansas Supreme Court, on July 11, 1997. State v. Kelly, 262 Kan. 755, 942 P.2d 579 (Kan. 1997).

      Under 28 U.S.C. 2244(d)(1) a person in custody pursuant to a state court judgment has a one-year period from the date his convictions become "final" in which to file a 2254 petition. The limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). After initial review, this court issued an Order directing Kelly to show cause why this action should not be dismissed as untimely, absent a showing he is entitled to equitable tolling. The order set forth the Tenth Circuit Court of Appeals' explanation of equitable tolling:

> (The) one-year statute of limitations is subject to equitable tolling, but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances --prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling.

Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(quotation and citations omitted).

Petitioner filed a Response to Order to Show Cause (Doc. 4) in which he alleges reasons why his federal Petition was filed out of time. He states he knows nothing about the law, does not have access to a Kansas law library at the Illinois prison, has no money to hire a good lawyer, and has been provided with no legal assistance whatsoever. He further alleges that when he was transferred to the Illinois prison, he was placed "on crisis" at the end of December until personnel

2

returned from Christmas break and did not receive his property and paperwork for two months. He makes the additional, conclusory statements that he is not guilty and "they lied." The court liberally construes these allegations as Kelly's assertions that he is entitled to equitable tolling.

For the following reasons, the court finds the allegations made by petitioner in response to the show cause order are not sufficient to warrant equitable tolling. The burden is on the petitioner to show that "extraordinary circumstances" prevented him from filing his petition on time. Turner v. Johnson, 177 F.3d 390 (5th Cir. 1999). The Tenth Circuit Court of Appeals and this court have held that ignorance of the law generally will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Moreover, there is no right to counsel in federal habeas proceedings, so lack of an attorney does not excuse an untimely habeas application. Coleman v. Thompson, 501 U.S. 722, 756-57 (1991). Segregation, without more, also fails to amount to a "rare and exceptional" circumstance. Kelly does not provide sufficient specificity regarding his alleged lack of access to his papers, which he states persisted for two months, and Kansas law books. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). It is not enough to simply

say that an out of state facility lacked all relevant statutes and case law.  Id., at 978.  Petitioner does not allege intentional obstruction of access to his papers or specify what vital legal papers were unavailable.  Nor does he allege why he was unable to complete a federal form petition when the claims he presented must be the same as those already presented at three different levels of state courts.  The federal forms mainly require that he provide the factual bases for his claims, which do not appear to have been complicated.  He also fails to indicate that he ever made a request through proper channels for return of his papers or provision of Kansas law books which was denied, or what actions he took to pursue his claims for the 10 months his papers were accessible.  Petitioner's allegations are substantially similar to complaints about an inadequate library, unfamiliarity with the legal process, and lack of representation, which have been found to provide no basis for equitable tolling.  Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001)(An "inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling"); Marsh, 223 F.3d at 1220 (failure to receive legal assistance does not relieve petitioner of personal responsibility to file within AEDPA's one-year period); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se

4

petitioner, generally does not excuse prompt filing."). In sum, transfers, lock downs, and restricted library access do not constitute sufficient "extraordinary circumstances." Prisoners must take these routine restrictions of prison life into account when calculating when to file a federal habeas petition. See Miller, 141 F.3d at 978.

Furthermore, it is very significant that petitioner has failed to present specific facts indicating any steps he took to diligently pursue his claims in federal court. See Marsh, 223 F.3d at 1220.

Finally, the court notes that petitioner's conclusory claim of innocence is insufficient to entitle him to equitable tolling. See Schlup v. Delo, 513 U.S. 298, 324 (1995)(to be credible, a petitioner must support his allegations of innocence with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-- that was not presented at trial.").

The court concludes the reasons petitioner alleges for filing his federal Petition after the statute of limitations expired are not adequate to satisfy his burden of showing entitlement to equitable tolling.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed as time barred and all relief is denied.

**IT IS SO ORDERED.**

Dated this 12th day of October, 2005, at Topeka, Kansas.

                                          <u>s/Sam A. Crow</u>
                                          U. S. Senior District Judge